┌─────────────────────────────────────────────┐
  **NONPRECEDENTIAL DISPOSITION**
  To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 23, 2015[*]
Decided October 23, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1369

| | |
|---|---|
| TIMOTHY L. HOELLER,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
|     *v.* | No. 14-cv-398 |
| VILLAGE OF BARRINGTON,<br>    *Defendant-Appellee.* | Lynn Adelman,<br>*Judge.* |

**O R D E R**

Timothy Hoeller sued the Village of Barrington, Illinois, in the Eastern District of Wisconsin. He alleges that when he lived in Barrington in 2011, village officers used excessive force to restrain him from hurting himself, violating his civil rights under 42 U.S.C. § 1983. The district court dismissed Hoeller's lawsuit for lack of personal jurisdiction and improper venue. The district court's analysis was correct, so we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Hoeller, village police came to his home in Barrington after receiving a tip that Hoeller had threatened suicide. The police attempted to escort him to a waiting ambulance, but he struggled against them. Hoeller was hurt when a sharp pen and house keys in his pocket pressed against his chest. He filed several complaints with the village board, but it refused to admit wrongdoing or offer him money. Hoeller later moved to Wisconsin, and by letter mailed from there he asked the village board to answer his complaints by replying to his new address. It never did.

Over two years later, Hoeller sued the village in the Eastern District of Wisconsin. He apparently avoided the Northern District of Illinois, where Barrington is located, because a standing order from that court's Executive Committee requires him to seek leave before suing there. The village moved to dismiss for lack of personal jurisdiction and improper venue. *See* FED. R. CIV. P. 12(b)(2), (b)(6). In an affidavit supporting the motion, the village manager stated that Barrington has no business, no property, no offices, and no employees in Wisconsin. Hoeller did not respond to the statements. The district court dismissed the case without prejudice. It reasoned that it lacked personal jurisdiction, that venue was improper, and that, given the filing restriction in Northern Illinois, justice did not require a transfer there under 28 U.S.C. § 1406.

On appeal Hoeller principally argues that the district court had personal jurisdiction over the village, but he is incorrect. Because § 1983 does not provide for nationwide service of process, s*ee Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008), the Eastern District of Wisconsin acquires personal jurisdiction only to the extent permitted by the law of Wisconsin and due process. *See Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014). To meet that standard, the village must have had "minimum contacts" with Wisconsin or "reach[ed] out beyond" Illinois into Wisconsin. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–75 (1985) (internal quotation marks omitted) (discussing due process); *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (Wisconsin law). It did not. Hoeller concedes on appeal that his "personal injury" occurred in "Northern Illinois." The only supposed contact between the village and Wisconsin that he (belatedly) identifies is his move to Wisconsin and his letter to the village saying he had moved there. But *his* "unilateral activity" of moving to the forum state or contacting a non-resident defendant from there does not satisfy the requirement that the *village* have contact with the forum state. *Walden*, 134 S. Ct. at 1122; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Hoeller offers two replies, but neither is persuasive. First, he contends that his age, poor health, and residence in Wisconsin establish personal jurisdiction. But no authority suggests that the plaintiff's age, health, and residence determine personal

jurisdiction over a defendant. Second, Hoeller argues that the district court should have permitted discovery into the merits of his claim. But without personal jurisdiction, the court cannot proceed to the merits. *See Denckla*, 357 U.S. at 251; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014).

We conclude by observing that Hoeller does not challenge the district court's alternative ground for dismissal: improper venue. That ruling is correct: the village does not "reside" in Wisconsin, the conduct giving rise to Hoeller's claim did not occur in Wisconsin, and the village is not subject to personal jurisdiction in Wisconsin. *See* 28 U.S.C. § 1391(b). Hoeller suggests that alternate forums are available in Illinois courts and other federal district courts. But the district court had no power to transfer the case to a state court. *See* 28 U.S.C. §§ 1404(a), 1447(c); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010); *Pope v. Atl. Coast Line R.R. Co.*, 345 U.S. 379, 384 (1953). And its discretionary decision to refuse to transfer it to the Northern District of Illinois, in light of the filing restriction that he faces there, was justified. *See Research Automation, Inc.* 626 F.3d at 978.

AFFIRMED.